FISHER, Appellant, vs. LUTZ, Respondent.

*September 12—October 3, 1911.*

*Principal and agent: Sale to minor: Questions for jury: Ratification:*
*Statute of frauds.*

1. In an action for the price of a piano claimed to have been sold to defendant through his minor son acting as his agent, evidence which fails to show that it was plaintiff's intention to sell to defendant rather than to the son, or that the son acted as defendant's agent in making the purchase, or that plaintiff was justified in believing or assuming that he acted as such agent, is *held* as matter of law not to show any agency.
2. Since the son had no authority and did not act or assume to act as agent for his father in the purchase, there could be no ratification thereof by the father. A subsequent oral promise by the father to pay for the piano was a promise to pay the son's debt and was void under the statute of frauds.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

On or about October 1, 1908, Arthur Lutz, a minor, son of the defendant herein, was living with his sister on his father's farm and doing the work thereon under the supervision of his father, who visited the place from time to time. Said

Arthur Lutz negotiated with the plaintiff for the purchase of a piano, the price of which was $200. The piano was delivered at said farm, and some time in October, 1908, he paid $10 to apply on the purchase price thereof, and on November 7, 1908, signed a promissory note for the balance and later paid one year's interest thereon, no further payments having been made. This action is brought to recover the amount due for the piano, which plaintiff claims was sold to the defendant through his son, who was acting as his agent. By his answer defendant disclaims any liability and denies all the allegations of the complaint. At the close of the testimony the court directed a verdict for the defendant dismissing plaintiff's complaint, and from the judgment entered upon such verdict plaintiff appeals.

The cause was submitted for the appellant on the brief of *P. J. Winter,* and for the respondent on that of *Eberlein & Eberlein.*

BARNES, J. The appellant contends (1) that Arthur acted as the agent of the defendant in making the purchase, and (2) that defendant ratified the purchase by his subsequent conduct.

1. The plaintiff admitted that Arthur did not tell him that he was buying the piano for or as the agent of his father, but testified that he inferred that Arthur was doing so because he said he would have to consult his folks before buying. Plaintiff issued a receipt to Arthur for a part payment made by him and took his individual note for the balance, and at one time commenced a suit on this note against Arthur, but discontinued it when he learned that the maker of the note was a minor. It was shown that Arthur had purchased some necessary articles for use on the farm and that his father had paid for them. The testimony construed most favorably to the plaintiff fails to show that it was his intention to sell the piano to the defendant rather than to the son, and wholly fails to show

that the son acted as the agent of the defendant in making the purchase, or that plaintiff was justified in believing or assuming that he acted as such agent. No jury question was raised by the evidence on the issue of agency.

2. The boy Arthur not having acted or assumed to act as the agent of his father in the transaction and having no authority so to do, it is difficult to see how there is any question of ratification in the case. "In order that an unauthorized act may be capable of ratification it is necessary that it should have been performed by one acting as agent on behalf of another as principal." 31 Cyc. 1251, and cases cited. If we had the case of an agent acting in excess of his authority, but nevertheless assuming to act as agent, a promise to pay by the principal might well amount to a ratification. But we have no such case. At best all the proof tended to show was an oral promise on the part of the defendant to pay his son's debt, which promise was clearly void under the statute of frauds.

*By the Court.*—Judgment affirmed.